# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANNETTE T. TORRUELLAS,**

        **Plaintiff,**

-v-                                                      **CIVIL ACTION NO.**
                                                                    **6:20-cv-00895**

**CREDIT ACCEPTANCE, CREDIT ACCEPTANCE CORPORATION**

        **Defendants.**

_____/

## NOTICE OF REMOVAL

      **COMES NOW** defendant Credit Acceptance Corporation ("Credit Acceptance"), by and through its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and hereby gives notice of the removal of this action from the County Court in and for Seminole County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division. In support of this notice of removal, Credit Acceptance states as follows:

### I. INTRODUCTION

      1.    Plaintiff Annette T. Torruellas ("Plaintiff") commenced this action by filing a complaint against Credit Acceptance in the County Court in and for Seminole County, Florida, Case Number 202-CC-001151-20-S on or about April 29, 2020.

2. Plaintiff's complaint asserts claims against Credit Acceptance relating to alleged improper credit reporting on an account and an alleged failure to respond to Plaintiff's request for validation of the account. *See generally* Compl.

3. Based on these allegations, Plaintiff purports to assert claims against Credit Acceptance under the federal Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA"). *See id.*

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

5. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting claims against Credit Acceptance based upon alleged violations of the FDCPA and FCRA, which are federal consumer protection statutes. *See* Compl.; *see also* 15 U.S.C. § 1692 *et seq.*, and 15 U.S.C. 1681 *et seq.*

7. Accordingly, Plaintiff's FDCPA and FCRA claims arise under the laws of the United States and could have been originally filed in this Court. *See Inetianbor v. CashCall, Inc.*,

923 F. Supp. 2d 1358 (S.D. Fla. 2013) (holding that removal was proper because the district court had subject-matter jurisdiction over the claims that were based on alleged violations the FCRA); *Boone v. JP Morgan Chase Bank, N.A.*, 447 F. App'x 961, 963 (11th Cir. 2011) (holding that removal was proper because the district court had subject-matter jurisdiction over the claims that were based on alleged violations of federal statutes including the FDCPA).

### III. ADOPTION AND RESERVATION OF DEFENSES

8. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Credit Acceptance's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fla. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### IV. PROCEDURAL REQUIREMENTS

9. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

10. True and correct copies of "all process, pleadings, and orders" served on Credit Acceptance to date are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a).

11. This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446, as Credit Acceptance was served with process on May 5, 2020.

12. Credit Acceptance has heretofore sought no similar relief.

13. The United States District Court for the Middle District of Florida, Orlando Division, is the court and division embracing the place where this action is pending in state court.

14. Contemporaneously with the filing of this notice of removal, Credit Acceptance has filed a copy of same with the clerk of the County Court in and for Seminole County, Florida and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

15. Credit Acceptance reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE,** Credit Acceptance prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the County Court in and for Seminole County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division.

Respectfully submitted this 26th day of May, 2020.

*s/ Matthew T. Mitchell*
Matthew T. Mitchell (FL Bar No. 0018319)
BURR & FORMAN LLP
200 South Orange Avenue
Suite 800
Orlando, FL 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601
mmitchel@burr.com
Attorney for Defendant
CREDIT ACCEPTANCE CORPORATION

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 26, 2020, I electronically filed the foregoing with the Clerk of Court by using the Notice of Electronic Filing via CM/ECF and served on the following by directing same to their address through first-class, United States mail, postage prepaid:

Annette T. Torruellas
1255 Guinevere Drive
Casselberry, Florida 32707

*s/ Matthew T. Mitchell*
Attorney